Michael Lee BOGANY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00455–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 10, 2000.

George McCall Secrest, Jr., Jani J. Maselli, Houston, for appellant.

William Delmore, III, John B. Holmes, Houston, for State.

Panel consists of Justices COHEN, TAFT, and SMITH.[1]

## OPINION

TAFT, Justice.

Appellant was convicted by a jury of engaging in organized criminal activity. After making an affirmative finding that a deadly weapon was used in the commission of this offense, the jury assessed punishment at 27 years in prison. We address: (1) whether two State's witnesses were accomplice witnesses requiring corroboration; (2) whether appellant waived any error in the jury charge, thus allowing the jury to convict with less than a unanimous verdict, by stating he had no objection, or whether appellant's failure to preserve error is excused because of novelty of the issue; and (3) whether the trial court abused its discretion by allowing the State to introduce testimony and evidence in violation of pretrial discovery orders. We affirm.

### Facts

Sergeant D.W. Belk of the Internal Affairs Division of the Houston Police Department learned from an informant that Houston police officers were involved in criminal activity called "ripping off." In

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

street language, "Rips," or "ripping off," describes officers who use their official capacity as police officers to conduct pretextual traffic stops, seize large quantities of drugs, charge the courier with some extraneous offense, sell the drugs to drug dealers, and split the profits. Belk implemented an elaborate sting operation that led to the arrest of appellant and other accomplices.

Daryl Gillespie was the drug dealer who provided information on where to find the couriers and then bought the drugs from the officers. Appellant worked with fellow police officer James Hubbard in these "rips." During the sting operation, Officer Hubbard and Gillespie were arrested. After further investigation, appellant was arrested for his involvement and charged with engaging in organized criminal activity. Numerous witnesses who were either participants or victims of the "rips" testified against appellant at trial.

### Accomplice Testimony

In his first point of error, appellant argues there is insufficient evidence corroborating the testimony of the accomplice witnesses to sustain the conviction, thus rendering the evidence insufficient as a matter of law. Appellant contends the evidence is insufficient because there is no other evidence beside the accomplices' testimony that tends to connect appellant with the crime of engaging in organized criminal activity.

The Code of Criminal Procedure provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX.CODE CRIM.P.ANN. art. 38.14 (Vernon 1979). Appellant's argument assumes, however, that all the witnesses who testified against appellant were accomplices.

To be an accomplice witness, "the witness must be susceptible to prosecution for the offense with which the accused is charged." *McFarland v. State*, 928 S.W.2d 482, 514 (Tex.Crim.App.1996). Mere "complicity with an accused in the commission of another offense" does not make a witness an accomplice in the offense charged. *McFarland*, 928 S.W.2d at 514; *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex.Crim.App.1986).

Appellant was charged with engaging in organized criminal activity by conspiring to deliver more than 400 grams of cocaine with the specific intent to establish, maintain, and participate in a combination that included himself, Daryl Gillespie, James Hubbard, Gregory Judge, Tellis Edwards, and Kevin Williams. *See* TEX.PENAL CODE ANN. § 71.02(a)(5) (Vernon Supp.2000). Two witnesses who testified against appellant, White and Gordon, were not alleged to be part of the combination.

Cornelius "Chico" White testified that he received a telephone call from Gillespie, who asked White to retrieve a kilogram of cocaine. White secured the cocaine and arranged to deliver it to Gillespie. While driving to meet Gillespie, White was pulled over by two police officers, who searched his car and discovered the cocaine. White was charged with public intoxication and not for any possession charge. While White could not identify either police officer from a photospread, the State introduced into evidence the complaint against White for public intoxication. The complaint showed appellant as the arresting officer.

Similarly, Lawrence Gordon testified that he also received a call from Gillespie to pick up some cocaine and deliver it to a third party. After driving away with the cocaine, Gordon was pulled over by appellant who placed Gordon in the back of the police car while appellant searched Gordon's vehicle and discovered the cocaine. Gordon was not charged for possession of cocaine, but was charged with outstanding traffic tickets. Gordon identified appellant

as the arresting officer, both from a photo-spread and while testifying in court. Gordon testified that this drug deal was planned with other individuals, who turned out to be appellant's accomplices. These accomplices also testified against appellant.

There is nothing in the record to suggest that either Gordon or White were aware of or intended to participate in the criminal combination described in the indictment. The relevant elements of engaging in organized criminal activity are:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following:

(5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception;

TEX.PENAL CODE ANN. § 71.02(a)(5). While Gordon and White were admittedly guilty of possession of cocaine with intent to deliver, there was no evidence to show they intended to participate in any criminal combination. Moreover, the record shows that Gordon and White were the victims of the alleged criminal combination. Consequently, the testimony of Gordon and White was not accomplice testimony.

We overrule appellant's first point of error.

### Juror Unanimity

■ In his second point of error, appellant argues that the trial court erred in its instruction to the jury when it failed to require juror unanimity with regard to the overt act performed by appellant. Specifically, appellant objects to the jury charge, which listed three possible underlying overt acts in the disjunctive, and the comments of the State during closing argument that the jury did not have to agree on which overt act was proved as long as all jurors agreed that one of the three had been proven.

Appellant did not object to this error at trial and concedes in his brief that he did not object. After making a single objection that the proposed jury charge lacked instructions concerning testimonial immunity and being asked if there were any further objections, appellant responded he had none. Appellant has waived any error resulting from the jury charge because he not only failed to object but affirmatively stated he had no further objection to the jury charge. See Ly v. State, 943 S.W.2d 218, 221 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

Appellant argues that the failure to object can be excused when the claim is so novel that the basis of the claim was not reasonably available at the time of trial, citing Black v. State, 816 S.W.2d 350, 368 (Tex.Crim.App.1991) (Campbell, J., concurring). Appellant relies on Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), as novel authority not reasonably available at the time of trial. Richardson was decided on June 1, 1999, while appellant's trial occurred on March 3–10, 1999.

Certiorari was granted in Richardson because of a conflict among the circuits. Id., 119 S.Ct. at 1709. The Third Circuit had held that jury unanimity was required in 1996. United States v. Edmonds, 80 F.3d 810, 822 (3d Cir.1996) (en banc). We hold that this made the claim reasonably available so as not to excuse appellant's failure to object. Furthermore, this is not a case of mere failure to object. Here, appellant affirmatively voiced no further objection. Under these circumstances, we hold that appellant did not preserve error, if any.

We overrule appellant's second point of error.

### Violation of Pretrial Discovery Orders

■ In his third point of error, appellant argues the trial court abused its discretion by allowing the State to continually violate pretrial discovery orders. Specifically, appellant objected at trial to the State's not disclosing the true nature of a witness's agreement to testify for the State, not disclosing two witnesses' names, and failing to produce tangible evidence in violation of a discovery order. We address each in turn.

■ Appellant objected that the State did not disclose the nature of the agreement with Daryl Gillespie concerning his bond reduction and the decision by the State not to indict him as an habitual offender in return for his testimony. Appellant was not aware of this information until the morning of the trial. Appellant correctly argues that evidence willfully withheld by the State in violation of a discovery order is inadmissible, if an objection is timely made. *Lindley v. State*, 635 S.W.2d 541, 543 (Tex.Crim.App.1982).

There was no harm in admitting this evidence. Appellant was aware of this information at least one day prior to the trial date. Appellant used this information effectively at trial to impeach Gillespie's testimony. Thus, reversal is not required. *Palmer v. State*, 902 S.W.2d 561, 565 (Tex. App.—Houston [1st Dist] 1995, no pet.); *Yates v. State*, 941 S.W.2d 357, 364 (Tex. App.—Waco 1997, pet. ref'd).

■ Appellant also objected to the State's surprising the defense with three witnesses who had not been previously disclosed to appellant. On appeal, appellant complains only about two of the witnesses, Jim Mount and William Taylor. These witnesses were not previously disclosed, as required by the pretrial discovery order, thereby raising the issue whether the trial court abused its discretion in allowing the witnesses to testify. *See Bridge v. State*, 726 S.W.2d 558, 566 (Tex. Crim.App.1986). In determining abuse of discretion, this Court considers whether the State acted in bad faith and whether appellant could reasonably anticipate that the witnesses would testify. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex.Crim.App. 1993).

It cannot be said that appellant was surprised at Jim Mount being called. First, appellant's counsel had spoken with this witness the previous day to discuss the Gillespie deal. It was at appellant's prompting, after complaining about being unaware of the State's deal with Gillespie, that it became necessary for the State to call Mount as a witness. Moreover, appellant benefitted from Mount's testimony, which cast doubt on Gillespie's testimony. Because appellant was not surprised by this witness being called to testify, the trial court did not abuse its discretion in allowing Mount to testify. *See Martinez*, 867 S.W.2d at 39; *Bridge*, 726 S.W.2d at 566.

With regard to William Taylor, his testimony covered about two pages and concerned only a legal explanation of the concept of use immunity. He had no knowledge of the facts of this case. Furthermore, appellant made more use of Taylor than did the State by questioning Taylor twice as long. The record shows no harm at all from the trial court's refusal to disallow Taylor's testimony.

■ Finally, appellant argues that the introduction of tangible evidence, in violation of the pretrial discovery order, may have had an effect on the outcome of the trial and calls for reversal. *See Ransonette v. State*, 550 S.W.2d 36, 39 (Tex.Crim. App.1976). Specifically, appellant objected to the introduction of a towing slip for White's vehicle and Gordon's commitment orders. Both pieces of evidence linked appellant to the "rips" showing his involvement with the arrests of Gordon and White. Appellant argues he had no idea these pieces of evidence were going to be introduced into evidence.

The pretrial order required the production of "all tangible objects which came into the possession of the State as the

result of the investigation into the allegations against the Defendant." The trial court found that the discovery order did not require the prosecution to provide pretrial inspection of the public records obtained from the Houston Police Department and the municipal court system of the City of Houston. The trial court ruled that the language of the pretrial discovery order did not require the State to produce public records accessible to both parties. Therefore, the introduction of this tangible evidence was not in violation of the pretrial discovery order. *See Ransonette,* 550 S.W.2d at 39. Furthermore, appellant has not shown he was harmed. Appellant does not contend the documents could have been excluded on some basis, had he more time to prepare to contest their admission. Nor does he offer any evidence that he could have offered in response, if given more time. He did not request more time for this purpose in the trial court.

We overrule appellant's third point of error.

### Conclusion

We affirm the judgment of the trial court.