# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-00-00077-CR**
**NO. 03-00-00186-CR**

---

**Pedro Garcia, Appellant**

**and**

**Jacinto Benitez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT**
**NOS. 0993634 & 0993631, HONORABLE TOM BLACKWELL, JUDGE PRESIDING**

---

Appellants Pedro Garcia and Jacinto Benitez were jointly tried and convicted of engaging in organized criminal activity, and assessed punishments of imprisonment for forty years and a $10,000 fine. *See* Tex. Penal Code Ann. § 71.02 (West Supp. 2001). They contend the district court erred by refusing to give a requested instruction in its charge to the jury. We will overrule this contention and affirm both convictions.

A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more specified offenses. *See* Tex. Penal Code Ann. § 71.02(a) (West Supp. 2001). "'Combination' means three or more persons who collaborate in carrying on criminal activities

. . . ." *Id.* § 71.01(a) (West Supp. 2001). "'Conspires to commit' means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement." *Id.* § 71.01(b).

Each indictment alleged that the named defendant:

> with the intent to establish, maintain and participate in a combination and the profits of a combination consisting of said defendant and at least two of the following other individuals: [twenty-one persons including codefendant], did conspire to commit motor vehicle theft in an aggregated amount of over $200,000, and said defendant did agree with at least one of the following: [five persons including codefendant] that at least one of them engage in conduct that would constitute the offense; and [five persons including codefendant] in pursuance of said agreement did perform an overt act, and said defendant in pursuance of said agreement did perform at least one of the following overt acts, to wit: [numerous acts, including the purchase and sale of stolen motor vehicles and the transport of illegal aliens from Mexico to Texas].

The evidence shows that appellants and the other conspirators were engaged in a scheme by which vehicles were stolen, used to transport illegal aliens, and then abandoned. The sufficiency of the evidence to sustain the convictions is not questioned.

Garcia asked the court to instruct the jury that "you must be unanimous as to which two persons, if any, that the Defendant conspired with and you also [must] be unanimous as to which of the overt acts, if any, [the defendant] did perform." Garcia and Benitez contend they were entitled to this or a similar instruction under the opinion of the United States Supreme Court in *Richardson v. United States*, 526 U.S. 813 (1999).[1]

---

[1] The State urges that Benitez did not join in the request and therefore did not preserve the alleged error. Benitez replies that he was permitted to adopt all motions filed by Garcia. Because

*Richardson* was a prosecution for engaging in a continuing criminal enterprise. *See* 21 U.S.C.A. § 848 (West 1999). Section 848 provides that a person engages in a continuing criminal enterprise if he "violates any provision of this subchapter or subchapter II of this chapter [dealing with controlled substances offenses] the punishment for which is a felony" and if "such violation is part of a continuing series of violations [of the specified statutes] which are undertaken by such person in concert with five or more other persons . . . ." *Id.* § 848(c). The Supreme Court held that in a prosecution under section 848, the jury "must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson*, 526 U.S. at 815.

Garcia and Benitez argue by analogy to *Richardson* that the jury in these causes should have been required to unanimously agree not only that each engaged in an overt act in pursuance of the agreement, but also unanimously agree as to which overt act he committed. The requested instruction also would have required jury unanimity regarding the persons with whom each appellant conspired.[2]

---

the alleged error is clearly before us in Garcia's appeal, and because we conclude that the instruction was properly refused, we do not decide the preservation of error issue in Benitez's appeal.

[2] In his brief, Garcia contends only that the jury should have been required to unanimously agree as to the overt act he committed. Benitez contends that jury unanimity also should have been required with respect to both the identify of the persons with whom he agreed and the overt acts the coconspirators committed. Neither appellant contends that unanimity was required with respect to the identity of the other members of the alleged combination.

3

A careful analysis of the *Richardson* opinion is necessary. The Court began by recognizing that crimes are defined in terms of elements, and that a jury need not always decide unanimously which of several possible sets of underlying "brute facts" make up a particular element of an offense. *Id*. at 817 (citing *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (plurality op.)). For example, where use of deadly force is an element of the charged offense, the jury would not be required to unanimously agree whether the defendant used a knife or a gun to accomplish that element. *Id*. As the Court saw it, the issue in *Richardson* was whether the statutory phrase "series of violations" referred to a single element (the "series") or to several elements (the "violations"). *Id*. at 817-18.

> If the statute creates a single element, a "series," in respect to which individual violations are but the means, then the jury need only agree that the defendant committed [some] of all the underlying crimes the Government has tried to prove. The jury need not agree about which . . . . On the other hand, if the statute makes each "violation" a separate element, then the jury must agree unanimously about which . . . crimes [i.e., "violations"] the defendant committed.

*Id*. at 818.

The Court concluded that each "violation" in the "series of violations" constitutes a separate element, and therefore jury unanimity was required in respect to each individual "violation." *Id*. at 824. The Court found its primary support for this conclusion in the statutory language.

> The words "violates" and "violations" are words that have a legal ring. A "violation" is not simply an act or conduct; it is an act or conduct that is contrary to law. That circumstance is significant because the criminal law ordinarily entrusts a jury with determining whether alleged conduct "violates" the law . . .

4

and . . . a federal criminal jury must act unanimously when doing so. . . . To hold that each "violation" here amounts to a separate element is consistent with a tradition of requiring juror unanimity where the issue is whether a defendant has engaged in conduct that violates the law. To hold the contrary is not.

*Id.* at 818-19.

The Court added that both fairness and history supported its interpretation of the statute. *Id.* at 819-20. Treating each individual violation as a means, rather than as an individual element, risked having a jury convict without having unanimously agreed that the defendant committed any of the alleged series of offenses. *Id.* at 819. The Court noted further that there was no precedent in federal criminal law for treating individual criminal violations as simply means toward the commission of a greater crime. *Id.* at 821.

The Texas organized crime statute is easily distinguishable from the continuing criminal enterprise statute at issue in *Richardson*. Section 71.02 does not require proof of a continuing series of criminal acts or violations; the only criminal act that must be proved is the commission of or conspiracy to commit one of the specified crimes. Penal Code § 71.02(a). In these causes, the indictments alleged that appellants conspired with others to commit theft. The critical element of a criminal conspiracy is the agreement among the conspirators to commit the criminal offense. *See* Penal Code § 71.01(b); *see also United States v. Shabani*, 513 U.S. 10, 16 (1994) (criminal agreement is *actus reus* of conspiracy); *Williams v. State*, 646 S.W.2d 221, 223-24 (Tex. Crim. App. 1983) (agreement is essential to existence of conspiracy). While section 71.01(b) also requires a showing that the defendant and one or more coconspirators committed an overt act in pursuance of the agreement, the overt acts do not have to be criminal. *See McCann*

5

*v. State*, 606 S.W.2d 897, 898 n.1 (Tex. Crim. App. 1980) (in conspiracy, overt act need not be unlawful in itself); *Childress v. State*, 807 S.W.2d 424, 431 (Tex. App.–Amarillo 1991, no pet.) (same; prosecution for engaging in organized criminal activity).[3]

The State was required to prove that (1) each appellant, with the requisite intent, agreed with one or more persons that one or more of them would steal motor vehicles having an aggregate value of $200,000 or more; (2) each appellant performed an overt act in pursuance of the agreement; and (3) one or more of the coconspirators also performed an overt act in pursuance of the agreement. *See Fee v. State*, 841 S.W.2d 392, 395 (Tex. Crim. App. 1992). Each of these elements had to be proved beyond a reasonable doubt to the jury's unanimous satisfaction. It is well established, however, that an indictment may allege different methods of committing an offense, and that it is proper for the jury to return a general verdict of guilty if the evidence is sufficient to support a finding under any of the theories submitted. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). The names of the various coconspirators and the various overt acts alleged in the indictment were, in effect, alternate means of committing the offense.

Both the relevant statutory language and established practice in conspiracy prosecutions lead us to conclude that the identities of the persons with whom Garcia and Benitez conspired, and the overt acts actually committed pursuant to the agreements, were preliminary fact issues as to which jury unanimity need not be required. *See Schad*, 501 U.S. at 631-32; *Kitchens*, 823 S.W.2d at 258; *Carrion v. State*, 802 S.W.2d 83, 89-90 (Tex. App.–Austin 1990, no pet.)

---

[3] At common law, a conspiracy was punishable even though no act was done beyond the mere making of the agreement. 2 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 6.5(c) at 93 (1986). The function of an overt act requirement is simply to manifest that the conspiracy is at work. *Id*. at 95 (quoting *Yates v. United States*, 354 U.S. 298, 334 (1957)).

(applying *Kitchens* in a conspiracy prosecution). The district court did not err by refusing the requested jury instruction.

The sole point of error in each appeal is overruled and the judgments of conviction are affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Jones[*]

Affirmed

Filed: February 28, 2001

Publish

---

[*] Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).