**Michael Lee BOGANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00455–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 9, 2001.

George McCall Secrest, Jr., Bennett & Secrest, L.L.P., Jani J. Maselli, Houston, TX, for Appellant.

William Delmore, III, Assistant District Attorney of Harris County, John B. Holmes, District, Attorney, Houston, TX, for the State.

Panel consists of Justices WILSON, TAFT and PRICE.[1]

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

TAFT, Justice.

Appellant, Michael Lee Bogany, was convicted by a jury of engaging in organized criminal activity. After making an affirmative finding that a deadly weapon was used in the commission of the offense, the jury assessed punishment at 27 years in prison. In a February 10, 2000 opinion, we held that appellant waived any error resulting from the jury charge because he not only failed to object, but also affirmatively stated he had no further objection to the jury charge. *See Bogany v. State*, 36 S.W.3d 527 (Tex.App.—Houston [1st Dist.] 2000), *vacated*, No. 620–00 (Tex.Crim.App. Sept. 27, 2000) (not designated for publication). The Court of Criminal Appeals vacated that judgment and remanded the case for further consideration using the *Almanza* standard. *See Bogany v. State*, No. 620–00, slip op. at 3 (Tex.Crim.App. Sept. 27, 2000) (not designated for publication). We are to address whether the jury charge was erroneous and, if so, whether appellant suffered egregious harm. We affirm.

### Facts

Sergeant D.W. Belk of the Internal Affairs Division of the Houston Police Department learned from an informant that Houston Police officers were involved in criminal activity called "rips." In street language, "rip" describes officers who use their official capacity as police officers to conduct pretextual traffic stops, seize large quantities of drugs, charge the courier with some extraneous offense, sell the drugs to drug dealers, and split the profits. Belk implemented an elaborate sting operation that led to the arrest of appellant and other accomplices.

### Jury Charge

In his second point of error, appellant contends the trial court erred in instructing the jury by not requiring juror unanimity with regard to the overt act performed by appellant. Specifically, appellant objects to the jury charge, which listed three possible underlying overt acts in the disjunctive, and the comments of the State, during closing argument, that the jury did not have to agree on which overt act the State proved, as long as all jurors agreed the State proved one of the three.

Appellant did not object to this alleged error at trial and concedes in his brief that he did not object. After making a single objection that the proposed jury charge lacked instructions concerning testimonial immunity and being asked if there were any further objections, appellant responded he had none.

The submitted jury charge authorized a finding of guilty of the offense of engaging in organized criminal activity on the jury's finding, beyond a reasonable doubt, that:

[T]he defendant and one or more members of the combination each performed at least one of the following overt acts:

On or about April 24, 1996, James Hubbard and the defendant arrested Cornelius White.

On or about April 24, 1996, James Hubbard gave Daryl Gillespie and Tellis Edwards the package which Daryl Gillespie and Tellis Edwards believed to be the kilogram of cocaine taken by the defendant and James Hubbard from Cornelius White, and Daryl Gillespie gave James Hubbard cash money.

On or about September 1, 1996, the defendant arrested Lawrence Benjamin Gordon and then received cash money from Daryl Gillespie for a substance which Daryl Gillespie believed to be at least 400 grams of cocaine taken from Lawrence Benjamin Gordon by the de-

fendant, and the substance which was believed to be cocaine was divided between Daryl Gillespie, Kevin Williams and Gregory Judge....

Appellant relies on *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). *Richardson* holds that a jury in a federal criminal case brought under 21 U.S.C. § 848 (1994) must unanimously agree, not only that the defendant committed some "continuing series of violations," but also that the defendant committed each of the individual "violations" necessary to make up that "continuing series." 526 U.S. at 815, 119 S.Ct. at 1709. The Supreme Court said the issue was whether the statute's phrase "series of violations" refers to one element, namely a "series," in respect to which the "violations" constitute the underlying "brute facts or means," or whether those words create several elements, namely the several "violations," in respect to each of which the jury must agree unanimously and separately. 526 U.S. at 817–18, 119 S.Ct. at 1710. The Court concluded that each "violation" was a separate element and the statute required jury unanimity with respect to each individual "violation." *See id.*, 526 U.S. at 824, 119 S.Ct. at 1713.

The statute in *Richardson* has been distinguished from the Texas organized criminal activity statute. *See Garcia v. State*, 46 S.W.3d 323, 327 (Tex.App.—Austin 2001, pet. denied). In *Garcia*, the court stated that section 71.02 of the Texas Penal Code, which proscribes organized criminal activity, does not require proof of a continuing series of criminal acts or violations. *Id.* The only criminal act that must be proved is the commission of, or conspiracy to commit, one of the specified crimes. *Id.* The court concluded the names of various coconspirators and the various overt acts alleged were alternate means of committing the offense. *Id.* We agree with the Austin Court of Appeals.

It is well settled that when alternate theories of committing the same offense are submitted to the jury in the disjunctive, the jury may return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *Kitchens v.. State*, 823 S.W.2d 256, 259 (Tex.Crim.App.1991). "[T]here is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Id.* at 258.

Accordingly, we hold that not requiring juror unanimity with regard to the overt act performed by appellant did not render the jury charge erroneous. Because the jury charge was not erroneous, it is unnecessary to perform an egregious harm analysis.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.