In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01077-CR

____________


TOMAS BARBOSA RODRIGUEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court 

Harris County, Texas

Trial Court Cause No. 865410 





O P I N I O N


 A jury convicted appellant of delivering marihuana weighing more than five
and less than 50 pounds. Appellant was sentenced to 61 years in prison after the jury
found the two enhancement paragraphs true. In his sole point of error, appellant
challenges the jury charge. Specifically, appellant contends the trial court erred by
including within the charge two separate offenses in the disjunctive and thereby
violated appellant's right to a unanimous jury verdict. We affirm.

Facts

 On January 2, 2001, undercover Houston Police Officer Villareal and his
informant went to a body shop owned by appellant to attempt to purchase 40 pounds
of marihuana. Appellant told Villareal that he did not have the marihuana on site, but
could get it in 30 minutes. Appellant instructed an employee, Manuel Garcia, to give
Villareal a sample of marihuana and then told Villareal that appellant would call him
on his cell phone when the marihuana arrived. Villareal and his informant then left
the shop. 

 After three hours had passed, appellant phoned and told Villareal that, although
appellant was leaving the shop, Garcia would call Villareal when the marihuana
arrived. When Garcia called to tell Villareal that the marihuana had arrived, Villareal
and his informant returned to the shop for the purchase. After Garcia displayed and
weighed the marihuana, Villareal gave the "bust" signal, and Garcia was arrested. 
Because appellant was not at the shop during the arrests, he was arrested at his house
on January 17, 2001.

The Disjunctive Jury Charge

 Appellant claims the trial court erred by submitting the jury charge with two
separate offenses of delivery of a controlled substance in the disjunctive. Appellant
contends the first delivery occurred when appellant offered to sell the marihuana and
the second delivery occurred when Garcia actually delivered the marihuana at
appellant's request. Appellant contends the jury charge allowed conviction if the
State proved either the offer to sell or the actual delivery and therefore created the
potential for a non-unanimous verdict by which some jurors could find appellant
guilty only of the offer to sell while other jurors found him guilty only of the delivery. 

 Delivery of a controlled substance may be accomplished through actual
transfer, constructive transfer, or an offer to sell. Tex. Health & Safety Code Ann.
§ 481.002(8) (Vernon 1987). The indictment filed against appellant contained
separate paragraphs alleging that, on January 2, 2001, appellant intentionally and
knowingly delivered marihuana by (1) actual transfer, (2) constructive transfer, and
(3) offering to sell. Although the indictment was filed in the conjunctive "and," the
jury charge used the disjunctive "or." Thus, the charge authorized conviction if the
jurors found that appellant, on January 2, delivered marihuana by actually
transferring, constructively transferring, or offering to sell marihuana. 

 Appellant relies on Francis v. State, 36 S.W.3d 121 (Tex. Crim. App. 2000). 
In Francis, the Court of Criminal Appeals held that two different offenses may not
be charged in the disjunctive because of the possibility of a non-unanimous jury
verdict. Id. at 125. Francis involved two separate acts of indecency with a child that
occurred at different times and dates. These were submitted to the jury in a single
disjunctive paragraph that allowed the jury to convict if the defendant "did . . . engage
in sexual contact by touching the breast or genitals of (victim) . . . . " Id. at 124. 
Because the charge in Francis potentially authorized conviction of different offenses
that had allegedly occurred at different times, the jury charge violated appellant's
right to a unanimous jury verdict. See id. at 125. Specifically, some jurors might
have found the defendant guilty of sexual contact on one date while the other jurors
might have found him guilty of sexual contact on the other date. 

 This case differs from Francis because appellant committed one offense, not
two. Additionally, appellant performed one act, not two. On the morning of January
2, appellant arranged a single delivery and single sale of marihuana to Villareal. 
Although the delivery took three hours to complete, the lapse of time does not
transform a single offense into two. The delivery here completed appellant's offer
to sell and was thus the end result of a single drug transaction. Because appellant
committed one act and one offense, Kitchens v. State controls. 823 S.W.2d 256 (Tex.
Crim. App. 1991). 

 In Kitchens, the Court of Criminal Appeals held that, when alternative theories
of committing the same offense are submitted to the jury in the disjunctive, the jury
may return a general verdict if the evidence is sufficient to support a finding under
any of the theories submitted. Id. at 258. See also Aguirre v. State, 732 S.W.2d 320,
326 (Tex. Crim. App. 1987); Bogany v. State, 54 S.W.3d 461, 463 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd). In Kitchens, the jury charge presented
murder in the course of aggravated assault disjunctively with murder in the course of
robbery. Like Kitchens, which involved two alternative theories of the single offense
of capital murder, this case involves three alternative theories of the single offense
of delivery of marihuana. See id. at 257. Therefore, the trial court properly charged
the jury with the three alternative means of committing the single delivery of the
controlled substance. 

 The State presented ample evidence to convict appellant, and appellant has not
challenged the sufficiency of that evidence. Because section 481.002(8) (1) provides
that "delivery" includes both constructive transfer and offer to sell, the jury need not
agree on the method of delivery to convict appellant. See Kitchens, 823 S.W.2d at
258. Even if half the jury convicted appellant for offer to sell while the other half
convicted appellant for constructive transfer, the jury had a unanimous verdict of a
single delivery of a controlled substance. Therefore, we hold that the disjunctive
charge did not prevent appellant from being unanimously convicted of delivery of
marihuana. Because the jury charge was not erroneous, we need not perform an
egregious harm analysis. We overrule appellant's sole issue presented. 

 

Conclusion

 We affirm the judgment of the trial court. 

 

 



 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (2)


Publish. Tex. R. App. P. 47.4.

1. Tex. Health & Safety Code Ann. § 481.002(8).
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.