In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00508-CR
____________

HECTOR SALGUERO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court 
Harris County, Texas
Trial Court Cause No. 863168 




O P I N I O N
          A jury convicted appellant, Hector Salguero, of assaulting a family member,
and the trial court assessed punishment at three years’ confinement in prison. In eight
points of error, appellant contends that the trial court committed reversible error
because (1) the trial court did not have jurisdiction to hear the case, (2) the evidence
was legally and factually insufficient to sustain the conviction, (3) the trial court
improperly limited appellant’s cross-examination, and (4) appellant was denied
effective assistance of counsel. We affirm. 
Facts
          Viewed in the light most favorable to the verdict, the record reflects that, on the
night of November 5, 2000, appellant and his wife, Elizabeth Salguero, celebrated her
birthday at a nightclub. After they left the club, appellant was driving their car on the
highway when Elizabeth asked why appellant chose to leave the club. Appellant
responded that Elizabeth “had to obey him” and “not to ask anything else” or
appellant would “throw [Elizabeth] out of the car.” Appellant then slowed the car to
an estimated 20 miles per hour, opened Elizabeth’s door, and pushed her out onto the
highway. 
          After Elizabeth was pushed from the car, a vehicle driving behind them
stopped, and a man got out to check on Elizabeth. Appellant told the man that
Elizabeth jumped from the car in an effort to commit suicide. The man told appellant
to call an ambulance. Although appellant dialed 911, he did not wait for the
ambulance and instead put Elizabeth back in the car and drove home.
          When they arrived at their house, appellant dragged Elizabeth by her hair from
the car to their bedroom. Once in the bedroom, appellant struck Elizabeth in the face
several times with his fist. Appellant then ripped the clothing off Elizabeth’s body,
pushed her to the floor, and kicked her on the ground. Elizabeth lost consciousness
shortly thereafter. 
Jurisdiction
          In his first point of error, appellant contends that the trial court, a district court,
did not have jurisdiction over his assault charge because the State failed to prove the
jurisdictional enhancement paragraph. Appellant’s indictment charged him with
assaulting a family member and contained a jurisdictional enhancement paragraph
alleging that appellant had previously been convicted of assaulting a family member. 
As such, the charge alleged a third degree felony. See Tex. Pen. Code Ann. §
22.01(b) (Vernon Supp. 2002). Without the jurisdictional enhancement paragraph,
the charge alleged a misdemeanor. See id. A district court has original jurisdiction
to hear felony cases. See Tex. Code of Crim. Proc. Ann. art. 4.05 (Vernon Supp.
2002). 
          Appellant complains of the State’s method used to prove the enhancement
paragraph. The State proved the enhancement paragraph was an assault involving
family violence through the testimony of the complainant in that case. Appellant
asserts the State failed to meet its burden of proof regarding enhancement because the
judgment of conviction in the enhancement paragraph did not contain an affirmative
finding of family violence. According to appellant, such a failure stripped the district
court of its jurisdiction to hear this case.
          Appellant rests his argument on article 42.013 of the Code of Criminal
Procedure. Tex Code Crim. Proc. Ann. art. 42.013 (Vernon Supp. 2002). Article
42.013 provides that, “in the trial of an offense under Title 5, Penal Code, if the court
determines that the offense involved family violence . . . the court shall make an
affirmative finding of the fact and enter the affirmative finding in the judgment of the
case.” Id. Appellant asserts that the State was precluded from proving family
violence in his prior conviction because that conviction did not contain the
affirmative finding required by article 42.013. 
          Contrary to appellant’s assertions, the law does not require that an
enhancement alleging a conviction for assaulting a family member be proven solely
by a judgment that contains an affirmative finding of family violence. See Collesano
v. State, No. 01-01-00984-CR, slip op. at 6-7, (Tex. App.—Houston [1st Dist.] Aug.
29, 2002, pet. filed); accord State v. Eakins, 71 S.W.3d 443, 445 (Tex. App.—Austin
2002, no pet.). Such an enhancement can be proven through extrinsic evidence, such
as testimony of a witness to the family assault, as here. See Collesano, slip op. at 6-7. 
At trial, the State presented extrinsic evidence to prove that appellant’s prior
conviction resulted from a family assault. Appellant’s ex-wife testified that appellant
was convicted for assaulting her, that they were married at the time of the assault, and
that the prior conviction was the same conviction listed in the enhancement paragraph
of the State’s indictment. Even though the judgment for the enhancement conviction
did not include an affirmative finding of family violence, the State properly used
extrinsic evidence to prove a prior conviction of family assault, thereby conferring
jurisdiction upon the trial court.


 See id. 
          We overrule appellant’s first point of error. 
Sufficiency of the Evidence
          In his second and third points of error, appellant contends the evidence at trial
was both legally and factually insufficient to support his conviction because of a fatal
variance between the manner and means of appellant’s assault alleged in the
indictment and the manner and means proven at trial. A variance occurs when a
discrepancy exists between the allegations in the charging instrument and the proof
at trial. Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). In this case,
the indictment alleged that appellant assaulted Elizabeth by “kicking the complainant
with his foot, striking the complainant with his fist, and pushing the complainant out
of a moving vehicle with his hand.” Appellant argues that the indictment is
sequentially flawed because the evidence at trial showed that appellant first pushed
Elizabeth out of the car with his hand, then struck her in the face with his fist, and
finally kicked her on the ground with his foot. Thus, according to appellant, a
sequential discrepancy exists between the assault alleged in the indictment and the
assault proven at trial. 
          We disagree. The State’s indictment does not purport to list appellant’s assault
in sequential order, and appellant cites us to no authority that requires sequential
order in the indictment. Rather, the indictment charges appellant, conjunctively, with
three alternative theories of the single offense of assault on a family member. The
State is free to plead alternately, in a single indictment, the differing methods of
committing a single offense. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim.
App. 1991); Bogany v. State, 54 S.W.3d 461, 463 (Tex. App.—Houston [1st Dist.]
2001, pet. ref’d). Furthermore, when the State alleges alternative methods of
committing a single offense, it need only prove one of the methods to satisfy its
burden of proof. See id. In this case, because the indictment charged appellant with
assault on a family member conjunctively, rather than sequentially, and because the
State need only prove one of the alternative methods of assault to convict appellant,
we find no variance between the allegations of assault in the indictment and the
evidence of assault proven at trial. 
          We overrule appellant’s second and third points of error.
Limitation on Cross-Examination
          In his fourth through seventh points of error, appellant contends the trial court
committed reversible error by limiting appellant’s cross-examination. Specifically,
appellant argues that the trial court prohibited “an inquiry regarding whether the
photographs the complainant had offered in this case were the same photographs from
the related family law custody case of the children.” 
          Despite appellant’s contention, we can find no such prohibition in the record. 
The record reflects the following exchange on cross-examination:
Appellant’s Counsel: Mrs. Salguero, in the, on 12-9-1998 you filed
another assault charge against Mr. Salguero, didn’t you?
 
Elizabeth: I don’t remember.
 
Appellant’s Counsel: Do you remember a trial for an assault charge
against Mr. Salguero in 1998, Mrs. Salguero?
 
Elizabeth: Yes.
 
Appellant’s Counsel: And do you remember what the outcome of that
trial was?
 
Elizabeth: No.
 
Appellant’s Counsel: You don’t remember what the outcome of that trial
was?
 
Elizabeth: No.
 
Appellant’s Counsel: You don’t remember what happened to Mr.
Salguero?
 
Elizabeth: Remembering what?
 
Appellant’s Counsel: Do you remember if the jury found him guilty or
not guilty?
 
Elizabeth: Yes, I do remember.
 
Appellant’s Counsel: And what, what did they find?
 
Elizabeth: Not guilty.
 
Appellant’s Counsel: Okay. And you had some photographs to offer at
that trial, didn’t you?
 
The State: Objection, Your Honor, relevance.
 
Trial Court: That’s sustained.
 
Appellant’s Counsel: Mrs. Salguero, the reason you filed charges in that
case was because of the divorce case that was in the family court; isn’t
it?
 
The State: Objection, relevance and argumentative.
 
Trial Court: Sustained.
 
Appellant’s Counsel: May we approach, Your Honor.
 
Trial Court: Yes, ma’am.
 
Appellant’s Counsel: Your Honor, it goes to motive and pattern, and
certainly is relevant.
 
Trial Court: Sush [sic].
 
Appellant’s Counsel: The reason for her filing these and the reason she’s
filing today, she’s filed another divorce case.
 
Trial Court: There’s another case pending right now?
 
Appellant’s Counsel: There’s a custody case pending right now.
 
Trial Court: Well, I think the door was opened to – the door was opened
that there was a previous trial and the results of that one, but I don’t
think any reason why she filed a previous case that’s disposed of is
really relative [sic] in this trial.
 
Appellant’s Counsel: Absolutely. It ties together – these same pictures
was [sic] in both cases. She offered them both times to state why she
was so afraid.
 
Trial Court: Well, we are not going to retry that other case.
 
Appellant’s Counsel: All right.
 
          Although appellant inquired into photographs used in connection with the 1998
assault trial in which he was acquitted, he did not inquire into photographs used in
connection with this trial and their relationship to a custody case currently pending. 
As such, appellant’s point of error is forfeited because the complaint on appeal differs
from the complaint at trial. McGinn v. State, 961 S.W.2d 161, 166 (Tex. Crim. App.
1998). Appellant cannot claim the trial court prohibited an inquiry that was never
made at trial. Because appellant’s trial objection does not comport with the
arguments he makes for the first time on appeal, his error is not preserved. See Butler
v. State, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994); Sandoval v. State, 52 S.W.3d
851, 855 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). 
          We overrule appellant’s fourth, fifth, sixth, and seventh points of error. 
 
Ineffective Assistance of Counsel
          In his eighth point of error, appellant contends that he received ineffective
assistance of counsel because trial counsel did not issue a subpoena for a cell-phone
records custodian to testify at trial. Appellant asserts that the custodian would have
testified that appellant phoned 911 on the night of the assault and that this testimony
would have resulted in “even a single holdout juror” and a mistrial. 
          The constitutional right to counsel does not mean errorless counsel or counsel
whose competency is judged by hindsight. Doherty v. State, 781 S.W.2d 439, 441
(Tex. App.—Houston [1st Dist.] 1989, no pet.). The standard for reviewing claims
of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 54
(Tex. Crim. App. 1986). To be entitled to a reversal for ineffective assistance,
appellant must show both (1) that counsel’s performance was so deficient that he was
not functioning as acceptable counsel under the Sixth Amendment, and (2) that, but
for counsel’s error, the result of the proceedings would have been different; that is,
a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064. 
          The defendant bears the burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.—Houston [1st Dist.] 1996, no pet.). In determining whether the
Strickland test has been met, we measure counsel’s performance on the totality of the
representation afforded, not on individual alleged errors. See ex parte Welborn, 785
S.W.2d 391, 393 (Tex. Crim. App. 1990). A defendant must overcome the strong
presumption that counsel’s conduct falls within a large scope of satisfactory
representation. See Davis v. State, 930 S.W.2d 765, 767 (Tex. App.—Houston [1st
Dist.] 1996, pet. ref’d). To overcome this presumption, allegations of ineffectiveness
must be firmly rooted in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999). 
          The record does not support appellant’s claim that his trial counsel did not
issue a subpoena for a cell-phone records custodian to testify at trial.


 Although the
custodian did not appear at trial, the record does reflect that trial counsel issued the
subpoena. Trial counsel may not have zealously ensured that the custodian would
appear, but we cannot agree that trial counsel’s performance was deficient for failing
to issue a subpoena that appears to have been issued. Once again, appellant’s
complaint on appeal does not correspond to the events that happened at trial. See
McGinn, 961 S.W.2d at 966. Even if appellant’s argument can be construed as a
complaint against trial counsel’s failure to adequately ensure that a cell-phone records
custodian would appear, trial counsel did present alternative evidence to prove that
appellant phoned 911 on the night of the assault, including appellant’s testimony and
cell-phone bill.


 Additionally, there was no dispute that, after the call was made,
appellant left the scene before the ambulance arrived. Because the jury was able to
consider the 911 phone call, and because appellant admitted he left the scene before
the ambulance arrived, it is unlikely that buffering testimony from a records custodian
would have changed the result of the trial proceedings. Thus, appellant has not met
his burden under Strickland. 
          We overrule appellant’s eighth point of error.
Conclusion
We affirm the judgment of the trial court.












                                                             Elsa Alcala
     Justice


Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.