**Tomas Barbosa RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–01077–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 3, 2002.

Renato Santos, Jr., Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Donald W. Rogers, Jr., Assistant District Attorney, Houston, for State.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

ELSA ALCALA, Justice.

A jury convicted appellant of delivering marihuana weighing more than five and less than 50 pounds. Appellant was sentenced to 61 years in prison after the jury found the two enhancement paragraphs true. In his sole point of error, appellant challenges the jury charge. Specifically, appellant contends the trial court erred by including within the charge two separate offenses in the disjunctive and thereby violated appellant's right to a unanimous jury verdict. We affirm.

## Facts

On January 2, 2001, undercover Houston Police Officer Villareal and his informant went to a body shop owned by appellant to attempt to purchase 40 pounds of marihuana. Appellant told Villareal that he did not have the marihuana on site, but could get it in 30 minutes. Appellant instructed an employee, Manuel Garcia, to give Villareal a sample of marihuana and then told Villareal that appellant would call him on his cell phone when the marihuana arrived. Villareal and his informant then left the shop.

After three hours had passed, appellant phoned and told Villareal that, although appellant was leaving the shop, Garcia would call Villareal when the marihuana arrived. When Garcia called to tell Villareal that the marihuana had arrived, Villareal and his informant returned to the shop for the purchase. After Garcia displayed and weighed the marihuana, Villareal gave the "bust" signal, and Garcia was arrested. Because appellant was not at the shop during the arrests, he was arrested at his house on January 17, 2001.

## The Disjunctive Jury Charge

Appellant claims the trial court erred by submitting the jury charge with two separate offenses of delivery of a controlled substance in the disjunctive. Appellant contends the first delivery occurred when appellant offered to sell the marihuana and

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

the second delivery occurred when Garcia actually delivered the marihuana at appellant's request. Appellant contends the jury charge allowed conviction if the State proved either the offer to sell or the actual delivery and therefore created the potential for a non-unanimous verdict by which some jurors could find appellant guilty only of the offer to sell while other jurors found him guilty only of the delivery.

Delivery of a controlled substance may be accomplished through actual transfer, constructive transfer, or an offer to sell. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1987). The indictment filed against appellant contained separate paragraphs alleging that, on January 2, 2001, appellant intentionally and knowingly delivered marihuana by (1) actual transfer, (2) constructive transfer, and (3) offering to sell. Although the indictment was filed in the conjunctive "and," the jury charge used the disjunctive "or." Thus, the charge authorized conviction if the jurors found that appellant, on January 2, delivered marihuana by actually transferring, constructively transferring, *or* offering to sell marihuana.

Appellant relies on *Francis v. State,* 36 S.W.3d 121 (Tex.Crim.App.2000). In *Francis,* the Court of Criminal Appeals held that two different offenses may not be charged in the disjunctive because of the possibility of a non-unanimous jury verdict. *Id.* at 125. *Francis* involved two separate acts of indecency with a child that occurred at different times and dates. These were submitted to the jury in a single disjunctive paragraph that allowed the jury to convict if the defendant "did ... engage in sexual contact by touching the breast or genitals of (victim)...." *Id.* at 124. Because the charge in *Francis* potentially authorized conviction of different offenses that had allegedly occurred at different times, the jury charge violated appellant's right to a unanimous jury verdict. *See id.* at 125. Specifically, some jurors might have found the defendant guilty of sexual contact on one date while the other jurors might have found him guilty of sexual contact on the other date.

This case differs from *Francis* because appellant committed one offense, not two. Additionally, appellant performed one act, not two. On the morning of January 2, appellant arranged a single delivery and single sale of marihuana to Villareal. Although the delivery took three hours to complete, the lapse of time does not transform a single offense into two. The delivery here completed appellant's offer to sell and was thus the end result of a single drug transaction. Because appellant committed one act and one offense, *Kitchens v. State* controls. 823 S.W.2d 256 (Tex.Crim. App.1991).

In *Kitchens,* the Court of Criminal Appeals held that, when alternative theories of committing the same offense are submitted to the jury in the disjunctive, the jury may return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *Id.* at 258. *See also Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Crim.App.1987); *Bogany v. State,* 54 S.W.3d 461, 463 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd). In *Kitchens,* the jury charge presented murder in the course of aggravated assault disjunctively with murder in the course of robbery. Like *Kitchens,* which involved two alternative theories of the single offense of capital murder, this case involves three alternative theories of the single offense of delivery of marihuana. *See id.* at 257. Therefore, the trial court properly charged the jury with the three alternative means of committing the single delivery of the controlled substance.

The State presented ample evidence to convict appellant, and appellant has not

challenged the sufficiency of that evidence. Because section 481.002(8)[1] provides that "delivery" includes both constructive transfer and offer to sell, the jury need not agree on the method of delivery to convict appellant. *See Kitchens,* 823 S.W.2d at 258. Even if half the jury convicted appellant for offer to sell while the other half convicted appellant for constructive transfer, the jury had a unanimous verdict of a single delivery of a controlled substance. Therefore, we hold that the disjunctive charge did not prevent appellant from being unanimously convicted of delivery of marihuana. Because the jury charge was not erroneous, we need not perform an egregious harm analysis. We overrule appellant's sole issue presented.

### Conclusion

We affirm the judgment of the trial court.

---

1. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8).