# NO. 12-07-00093-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH D. FREEMAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kenneth D. Freeman appeals his conviction for delivery of a controlled substance. In three issues, Appellant contends that the evidence was not legally or factually sufficient to support the jury's verdict and that the trial court erred in allowing evidence of extraneous offenses to be introduced. The State did not file a brief. We affirm.

### BACKGROUND

In August 2006, officers from the City of Tyler Police Department conducted an investigation of Appellant. The police officers used a confidential informant in their investigation who arranged a meeting with Appellant to purchase crack cocaine. The meeting was scheduled at a Wal-Mart retail store in Tyler, Texas. Tyler police officers conducted video and audio surveillance of the meeting. Appellant did not deliver the cocaine to the informant himself. Instead, according to the State's theory of the case, he used Kevin Cain as an intermediary. Cain sold crack cocaine to the informant in the Wal-Mart parking lot. Although the informant had contact only with Cain, the police observed Appellant in the Wal-Mart parking lot at the time of the transaction, and they observed Cain entering Appellant's vehicle after completing the sale.

The informant contacted Appellant the following day to purchase more crack cocaine. This time the meeting was arranged at a Denny's restaurant. As before, the informant purchased cocaine from Cain, and the police observed Appellant in the area.

Cain was arrested for selling cocaine to the informant. He told the police that he worked for Appellant, and he identified Appellant in the video recordings of the two transactions. He further stated that Appellant had driven him to the two transactions and that the drugs had belonged to Appellant.

A Smith County grand jury returned two indictments, one for each delivery of cocaine, against Appellant. Appellant pleaded not guilty, and the indictment alleging the Wal-Mart transaction proceeded to trial. The jury found Appellant guilty of the offense as charged. Appellant pleaded true to the allegation that he had a prior felony conviction, and the jury assessed punishment at life imprisonment and a fine of $10,000. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant argues that the evidence was not legally or factually sufficient to support his conviction. Specifically, Appellant argues there was no evidence that he personally delivered crack cocaine to the informant.

**Standard of Review**

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The evidence is examined in the light most favorable to the jury's verdict. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams*, 235 S.W.3d at 750.

In reviewing factual sufficiency, we consider all the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to

2

disprove that fact. ***Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. ***Id.***; *see* ***Clewis v. State***, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. ***Van Zandt v. State***, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). Ultimately, we must ask whether after a neutral review of all the evidence, both for and against the finding, the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. ***Johnson v. State***, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust." ***Ortiz v. State***, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); *see also* ***Watson v. State***, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); ***Sims v. State***, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).

Under either the legal sufficiency or factual sufficiency standard, our role is that of appellate review, and the fact finder is the sole judge of the weight and credibility of a witness's testimony. ***Wesbrook v. State***, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. ***Sharp v. State***, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. ***Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." ***Id.***

As limited by the indictment, a person commits the offense of delivery of a controlled substance by knowingly delivering, either actually or constructively, a controlled substance, specifically cocaine, in an amount of more than one gram but less than four grams. TEX. HEALTH

& SAFETY CODE §§ 481.002(8), 481.112(a)(c) (Vernon 2003).

**Analysis**

Although characterizing his argument in terms of the legal and factual sufficiency of the evidence, Appellant's complaint stems from the trial court's decision to submit two theories of liability to the jury. Specifically, the trial court instructed the jury that it could find Appellant guilty if he actually transferred cocaine to the informant or if he constructively transferred it to the informant. Appellant argues that there is no evidence that he actually transferred cocaine to the informant, that the trial court should not have instructed the jury on that theory, and that he should be acquitted or have a new trial because of a lack of evidence of an actual transfer.

Appellant never asked the trial court not to instruct the jury on alternate theories because of a lack of evidence, and this complaint is not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also* TEX. CODE CRIM. PROC. ANN. arts. 36.14, 36.15 (Vernon Supp. 2007); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Appellant did object to the charge arguing that the State should be forced to elect between the two theories, actual or constructive delivery, because he was entitled to a unanimous verdict on one theory or another.

Appellant does not argue this issue on appeal. Moreover, the trial court properly overruled this objection because in a delivery of a controlled substance case, the State may plead alternate forms of delivery, and it may not be forced to elect a particular method on which to prosecute. *Rodriguez v. State*, 89 S.W.3d 699, 701–02 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd) (citing *Kitchens v. State*, 823 S.W.2d 256, 257 (Tex. Crim. App. 1991)); *see also Ngo v. State*, 175 S.W.3d 738, 746–48 (Tex. Crim. App. 2005). Each method may be submitted alternatively in the jury charge. *Zanghetti v. State*, 618 S.W.2d 383, 386–87 (Tex. Crim. App. 1981); *Atuesta v. State*, 788 S.W.2d 382, 385 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd). Where a general verdict is returned and the evidence is sufficient to support a finding under any of the alternative paragraph allegations submitted, no error is shown. *Herrin v. State*, 125 S.W.3d 436, 441 (Tex. Crim. App. 2002); *see also Kitchens*, 823 S.W.2d at 258 ("It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.").

Therefore, in evaluating the sufficiency of the evidence, we turn our attention to the two theories alleged in the indictment, that Appellant actually transferred the cocaine to the informant and that he made the same transfer constructively. Transferring a controlled substance to an intermediary to be transferred to a third party is a constructive transfer. *See Sims v. State*, 117 S.W.3d 267, 277–78 (Tex. Crim. App. 2003). There was evidence that Appellant transferred the cocaine to the intermediary and that it was then transferred to a third party, the informant. Both the informant and Cain testified about a series of events that began with Appellant's giving cocaine to Cain and ended with Cain's selling the cocaine to the informant. Additionally, Cain testified that Appellant drove him to the Wal–Mart and that he worked for Appellant. Finally, the video of the transaction showed Appellant at the scene, and an inmate testified that Appellant had admitted the arrangement to him, saying that he could not be convicted for delivering cocaine to the informant because he had not personally done so. This is evidence that Appellant constructively delivered the cocaine.

Cain made the actual delivery of cocaine to the informant. However, the jury was instructed on the law of parties. Under the law of parties, a person, in this case Appellant, is responsible for the actions of another if he, with the intent to promote or assist the commission of the offense, solicits, encourages, aids, or attempts to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1994). Cain's testimony, along with the circumstantial evidence including Appellant's presence at the scene and Appellant's arranging the transaction with the informant, is evidence that Appellant aided Cain in the delivery of cocaine with the intent to promote or assist that delivery.

Viewing the evidence in the light most favorable to the jury's verdict, the jury could have reasonably determined that Appellant constructively delivered the crack cocaine to the informant through Cain. Alternately, applying the law of parties, the jury could have reasonably concluded that Appellant aided Cain in the actual transfer of the cocaine. Therefore, the evidence was legally sufficient to support the jury's verdict.

A review of all of the evidence without the light most favorable to the verdict reveals some evidence that is contrary to the verdict. Specifically, there were reasons that the jury might have doubted the testimony of the informant as well as that of Cain. Appellant presented evidence that

Cain had a pending drug charge and the informant had been compensated. Furthermore, Appellant presented evidence from a witness who claimed that the conversation in the jail about the drug deal did not happen.

Nonetheless, we must consider this evidence in the context of the record as a whole. Appellant was at the scene of the offense. While the informant's and Cain's testimony did not go uncontested, the jury could have believed their testimony, which was supported by significant circumstantial evidence.

Generally, it is for the jury to determine the weight to be afforded the testimony of a witness and to resolve any conflicts in the evidence. *See* **Wesbrook**, 29 S.W.3d at 111 (Tex. Crim. App. 2000); *see also* **Watson**, 204 S.W.3d at 409. The issues raised by Appellant are not so troubling as to cause us to conclude that the great weight and preponderance of the evidence contradicts the jury's verdict or that the guilty verdict is "clearly wrong" or "manifestly unjust." *See* **Watson**, 204 S.W.3d at 417. Our review of the record as a whole, with consideration given to all of the evidence both for and against the jury's finding, has not caused us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the jury's verdict. We overrule Appellant's first and second issues.

## EXTRANEOUS OFFENSES

In his third issue, Appellant contends that the trial court erred in admitting evidence of extraneous offenses because the State did not provide prior notice of its intent to utilize the evidence at trial as required by Texas Rule of Evidence 404(b). The evidence in question is the second drug transaction at the Denny's restaurant and evidence that Appellant's house was a place where crack cocaine could be purchased. Appellant does not contend that this evidence was substantively inadmissible extraneous conduct, but instead addresses only the procedural issue of whether the State provided sufficient notice of intent to use this evidence.

### Applicable Law

Rule 404(b) of the Texas Rules of Evidence provides as follows:

6

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b). Thus, Rule 404(b) conditions the admissibility of extraneous offense evidence on the State's compliance with the notice provision found in the rule. TEX. R. EVID. 404(b); **Hernandez v. State**, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). When substantively admissible extraneous offense evidence is improperly admitted because the State failed to provide the required notice, the harm analysis is different from when the evidence is substantively inadmissible. **Id**. at 824–25. Because the notice requirement found in Rule 404(b) does not relate to the substantive admissibility of the evidence, the lack of notice does not render the evidence inherently unreliable or inadmissible. **Id**. (citing **Roethel v. State**, 80 S.W.3d 276, 281–82 (Tex. App.–Austin 2002, no pet.)). The harm analysis then must focus on the effect of the procedural noncompliance with the defendant's ability to prepare for the evidence. **Id**.

**Analysis**

The State did provide Appellant with notice of the prior bad acts in the materials it produced as part of pretrial discovery. Specifically, in its discovery compliance form, the State checked a spot next to a sentence that read as follows:

> State intends to offer extraneous offenses or bad acts included in attached documents, including defendant's prior criminal history as well as any bond violation committed by the defendant while on bond for this offense, under [Texas Rule of Evidence] 404(b) and 609[,] rules of criminal [sic] evidence[,] and 37.07(3)(G)[,] code of criminal procedure.

Appellant does not deny that this provides some kind of constructive notice, but argues that it did not give him "reasonable, specific notice" of what it was that the State intended to offer. Appellant argues further that he was not prepared to defend against the additional information because of the deficiency of the notice. Notice of extraneous acts that refers to other materials has been held to be sufficient to meet the requirement of the rule. In **Splawn v. State**, 160 S.W.3d 103, 112 (Tex. App.–Texarkana 2005, pet. ref'd), the court held that the State's notice was sufficient to

7

allow the appellant to prepare for trial because, although it referenced other material, it was reasonably calculated to draw defense counsel's attention to an extraneous offense described in the referenced material. However, the notice referring to other material in *Splawn* was far more detailed than the one sentence reference in this case. And there is at least a theoretical risk that a broad notice of intent to rely on certain evidence will not provide the "reasonable notice" sufficient to apprise the other side of the intent to offer the evidence.

The court of criminal appeals has held that a trial court, when considering an objection due to lack of notice, should not evaluate the State's compliance with Rule 404(b) in terms of whether the defendant is harmed, but look instead to whether the State provided the required notice. *Hernandez*, 176 S.W.3d at 823–24. Appellate review, however, does consider the harm, if any, occasioned by the lack of notice of substantively admissible evidence. *Id*. at 825. And any error in admitting such evidence is not "injurious" if the defendant was not surprised. *Id*.

There was no surprise in this case. During the hearing on the matter, Appellant's counsel specifically stated, "Judge, I didn't say I was surprised or I was disadvantaged. All I'm saying is it didn't meet the requirements of 404(b), Judge." Therefore, we need not decide whether the notice was sufficient to apprise Appellant of the evidence because his counsel was not surprised by the extraneous information. Said another way, even if the State's notice was not sufficient to comply with the rule, Appellant's ability to prepare for the evidence was not hampered and he was not surprised or harmed. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, the judgment of the trial court is ***affirmed***.


  BRIAN HOYLE  
Justice


Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

8