NO. 12-07-00093-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KENNETH D. FREEMAN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Kenneth D. Freeman appeals his conviction for delivery of a controlled substance. In three
issues, Appellant contends that the evidence was not legally or factually sufficient to support the
jury's verdict and that the trial court erred in allowing evidence of extraneous offenses to be
introduced. The State did not file a brief. We affirm.


Background


 In August 2006, officers from the City of Tyler Police Department conducted an investigation
of Appellant. The police officers used a confidential informant in their investigation who arranged
a meeting with Appellant to purchase crack cocaine. The meeting was scheduled at a Wal-Mart
retail store in Tyler, Texas. Tyler police officers conducted video and audio surveillance of the
meeting. Appellant did not deliver the cocaine to the informant himself. Instead, according to the
State's theory of the case, he used Kevin Cain as an intermediary. Cain sold crack cocaine to the
informant in the Wal-Mart parking lot. Although the informant had contact only with Cain, the
police observed Appellant in the Wal-Mart parking lot at the time of the transaction, and they
observed Cain entering Appellant's vehicle after completing the sale.

 The informant contacted Appellant the following day to purchase more crack cocaine. This
time the meeting was arranged at a Denny's restaurant. As before, the informant purchased cocaine
from Cain, and the police observed Appellant in the area.

 Cain was arrested for selling cocaine to the informant. He told the police that he worked for
Appellant, and he identified Appellant in the video recordings of the two transactions. He further
stated that Appellant had driven him to the two transactions and that the drugs had belonged to
Appellant.

 A Smith County grand jury returned two indictments, one for each delivery of cocaine,
against Appellant. Appellant pleaded not guilty, and the indictment alleging the Wal-Mart
transaction proceeded to trial. The jury found Appellant guilty of the offense as charged. Appellant
pleaded true to the allegation that he had a prior felony conviction, and the jury assessed punishment
at life imprisonment and a fine of $10,000. This appeal followed.


Sufficiency of the Evidence

 In his first and second issues, Appellant argues that the evidence was not legally or factually
sufficient to support his conviction. Specifically, Appellant argues there was no evidence that he
personally delivered crack cocaine to the informant.

Standard of Review

 Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. Jackson v. Virginia, 443 U.S. 307, 315-16,
99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim.
App. 2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.-Tyler 2006, pet. ref'd). The standard
for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The evidence is examined
in the light most favorable to the jury's verdict. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789;
Williams, 235 S.W.3d at 750. 

 In reviewing factual sufficiency, we consider all the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we
are authorized to disagree with the jury's determination, even if probative evidence exists that
supports the verdict, our evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony. Id.; see Clewis v. State, 922 S.W.2d 126,
133 (Tex. Crim. App. 1996). Where there is conflicting evidence, the jury's verdict on such matters
is generally regarded as conclusive. Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso
1996, pet. ref'd). Ultimately, we must ask whether after a neutral review of all the evidence, both
for and against the finding, the proof of guilt is so obviously weak as to undermine confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and
manifestly unjust." Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see also Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim.
App. 2003).

 Under either the legal sufficiency or factual sufficiency standard, our role is that of appellate
review, and the fact finder is the sole judge of the weight and credibility of a witness's testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000). The fact finder may choose to
believe all, some, or none of a witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).

 The sufficiency of the evidence is measured against the elements of the offense as defined
by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997). Such a charge would include one that "accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the
State's theories of liability, and adequately describes the particular offense for which the defendant
was tried." Id.

 As limited by the indictment, a person commits the offense of delivery of a controlled
substance by knowingly delivering, either actually or constructively, a controlled substance,
specifically cocaine, in an amount of more than one gram but less than four grams. Tex. Health
& Safety Code §§ 481.002(8), 481.112(a)(c) (Vernon 2003).

Analysis

 Although characterizing his argument in terms of the legal and factual sufficiency of the
evidence, Appellant's complaint stems from the trial court's decision to submit two theories of
liability to the jury. Specifically, the trial court instructed the jury that it could find Appellant guilty
if he actually transferred cocaine to the informant or if he constructively transferred it to the
informant. Appellant argues that there is no evidence that he actually transferred cocaine to the
informant, that the trial court should not have instructed the jury on that theory, and that he should
be acquitted or have a new trial because of a lack of evidence of an actual transfer.

 Appellant never asked the trial court not to instruct the jury on alternate theories because of
a lack of evidence, and this complaint is not preserved for our review. See Tex. R. App. P.
33.1(a)(1)(A); see also Tex. Code Crim. Proc. Ann. arts. 36.14, 36.15 (Vernon Supp. 2007);
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Appellant did object to the charge
arguing that the State should be forced to elect between the two theories, actual or constructive
delivery, because he was entitled to a unanimous verdict on one theory or another. 

 Appellant does not argue this issue on appeal. Moreover, the trial court properly overruled
this objection because in a delivery of a controlled substance case, the State may plead alternate
forms of delivery, and it may not be forced to elect a particular method on which to prosecute. 
Rodriguez v. State, 89 S.W.3d 699, 701-02 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (citing
Kitchens v. State, 823 S.W.2d 256, 257 (Tex. Crim. App. 1991)); see also Ngo v. State, 175 S.W.3d
738, 746-48 (Tex. Crim. App. 2005). Each method may be submitted alternatively in the jury
charge. Zanghetti v. State, 618 S.W.2d 383, 386-87 (Tex. Crim. App. 1981); Atuesta v. State, 788
S.W.2d 382, 385 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). Where a general verdict is
returned and the evidence is sufficient to support a finding under any of the alternative paragraph
allegations submitted, no error is shown. Herrin v. State, 125 S.W.3d 436, 441 (Tex. Crim. App.
2002); see also Kitchens, 823 S.W.2d at 258 ("It is appropriate where the alternate theories of
committing the same offense are submitted to the jury in the disjunctive for the jury to return a
general verdict if the evidence is sufficient to support a finding under any of the theories
submitted.").

 Therefore, in evaluating the sufficiency of the evidence, we turn our attention to the two
theories alleged in the indictment, that Appellant actually transferred the cocaine to the informant
and that he made the same transfer constructively. Transferring a controlled substance to an
intermediary to be transferred to a third party is a constructive transfer. See Sims v. State, 117
S.W.3d 267, 277-78 (Tex. Crim. App. 2003). There was evidence that Appellant transferred the
cocaine to the intermediary and that it was then transferred to a third party, the informant. Both the
informant and Cain testified about a series of events that began with Appellant's giving cocaine to
Cain and ended with Cain's selling the cocaine to the informant. Additionally, Cain testified that
Appellant drove him to the Wal-Mart and that he worked for Appellant. Finally, the video of the
transaction showed Appellant at the scene, and an inmate testified that Appellant had admitted the
arrangement to him, saying that he could not be convicted for delivering cocaine to the informant
because he had not personally done so. This is evidence that Appellant constructively delivered the
cocaine. 

 Cain made the actual delivery of cocaine to the informant. However, the jury was instructed
on the law of parties. Under the law of parties, a person, in this case Appellant, is responsible for
the actions of another if he, with the intent to promote or assist the commission of the offense,
solicits, encourages, aids, or attempts to aid the other person to commit the offense. Tex. Penal
Code Ann. § 7.02(a)(2) (Vernon 1994). Cain's testimony, along with the circumstantial evidence
including Appellant's presence at the scene and Appellant's arranging the transaction with the
informant, is evidence that Appellant aided Cain in the delivery of cocaine with the intent to promote
or assist that delivery. 

 Viewing the evidence in the light most favorable to the jury's verdict, the jury could have
reasonably determined that Appellant constructively delivered the crack cocaine to the informant
through Cain. Alternately, applying the law of parties, the jury could have reasonably concluded that
Appellant aided Cain in the actual transfer of the cocaine. Therefore, the evidence was legally
sufficient to support the jury's verdict.

 A review of all of the evidence without the light most favorable to the verdict reveals some
evidence that is contrary to the verdict. Specifically, there were reasons that the jury might have
doubted the testimony of the informant as well as that of Cain. Appellant presented evidence that
Cain had a pending drug charge and the informant had been compensated. Furthermore, Appellant
presented evidence from a witness who claimed that the conversation in the jail about the drug deal
did not happen.

 Nonetheless, we must consider this evidence in the context of the record as a whole. 
Appellant was at the scene of the offense. While the informant's and Cain's testimony did not go
uncontested, the jury could have believed their testimony, which was supported by significant
circumstantial evidence.

 Generally, it is for the jury to determine the weight to be afforded the testimony of a witness
and to resolve any conflicts in the evidence. See Wesbrook, 29 S.W.3d at 111 (Tex. Crim. App.
2000); see also Watson, 204 S.W.3d at 409. The issues raised by Appellant are not so troubling as
to cause us to conclude that the great weight and preponderance of the evidence contradicts the jury's
verdict or that the guilty verdict is "clearly wrong" or "manifestly unjust." See Watson, 204 S.W.3d
at 417. Our review of the record as a whole, with consideration given to all of the evidence both for
and against the jury's finding, has not caused us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction
clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to
support the jury's verdict. We overrule Appellant's first and second issues.


Extraneous Offenses


 In his third issue, Appellant contends that the trial court erred in admitting evidence of
extraneous offenses because the State did not provide prior notice of its intent to utilize the evidence
at trial as required by Texas Rule of Evidence 404(b). The evidence in question is the second drug
transaction at the Denny's restaurant and evidence that Appellant's house was a place where crack
cocaine could be purchased. Appellant does not contend that this evidence was substantively
inadmissible extraneous conduct, but instead addresses only the procedural issue of whether the State
provided sufficient notice of intent to use this evidence. 

Applicable Law

 Rule 404(b) of the Texas Rules of Evidence provides as follows:


 Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order
to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such
as proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or
accident, provided that upon timely request by the accused in a criminal case, reasonable notice is
given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that
arising in the same transaction.



Tex. R. Evid. 404(b). Thus, Rule 404(b) conditions the admissibility of extraneous offense evidence
on the State's compliance with the notice provision found in the rule. Tex. R. Evid. 404(b);
Hernandez v. State, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). When substantively admissible
extraneous offense evidence is improperly admitted because the State failed to provide the required
notice, the harm analysis is different from when the evidence is substantively inadmissible. Id. at
824-25. Because the notice requirement found in Rule 404(b) does not relate to the substantive
admissibility of the evidence, the lack of notice does not render the evidence inherently unreliable
or inadmissible. Id. (citing Roethel v. State, 80 S.W.3d 276, 281-82 (Tex. App.-Austin 2002, no
pet.)). The harm analysis then must focus on the effect of the procedural noncompliance with the
defendant's ability to prepare for the evidence. Id.

Analysis

 The State did provide Appellant with notice of the prior bad acts in the materials it produced
as part of pretrial discovery. Specifically, in its discovery compliance form, the State checked a spot
next to a sentence that read as follows:


State intends to offer extraneous offenses or bad acts included in attached documents, including
defendant's prior criminal history as well as any bond violation committed by the defendant while
on bond for this offense, under [Texas Rule of Evidence] 404(b) and 609[,] rules of criminal [sic]
evidence[,] and 37.07(3)(G)[,] code of criminal procedure.



 Appellant does not deny that this provides some kind of constructive notice, but argues that
it did not give him "reasonable, specific notice" of what it was that the State intended to offer. 
Appellant argues further that he was not prepared to defend against the additional information
because of the deficiency of the notice. Notice of extraneous acts that refers to other materials has
been held to be sufficient to meet the requirement of the rule. In Splawn v. State, 160 S.W.3d 103,
112 (Tex. App.-Texarkana 2005, pet. ref'd), the court held that the State's notice was sufficient to
allow the appellant to prepare for trial because, although it referenced other material, it was
reasonably calculated to draw defense counsel's attention to an extraneous offense described in the
referenced material. However, the notice referring to other material in Splawn was far more detailed
than the one sentence reference in this case. And there is at least a theoretical risk that a broad notice
of intent to rely on certain evidence will not provide the "reasonable notice" sufficient to apprise the
other side of the intent to offer the evidence. 

 The court of criminal appeals has held that a trial court, when considering an objection due
to lack of notice, should not evaluate the State's compliance with Rule 404(b) in terms of whether
the defendant is harmed, but look instead to whether the State provided the required notice. 
Hernandez, 176 S.W.3d at 823-24. Appellate review, however, does consider the harm, if any,
occasioned by the lack of notice of substantively admissible evidence. Id. at 825. And any error in
admitting such evidence is not "injurious" if the defendant was not surprised. Id.

 There was no surprise in this case. During the hearing on the matter, Appellant's counsel
specifically stated, "Judge, I didn't say I was surprised or I was disadvantaged. All I'm saying is it
didn't meet the requirements of 404(b), Judge." Therefore, we need not decide whether the notice
was sufficient to apprise Appellant of the evidence because his counsel was not surprised by the
extraneous information. Said another way, even if the State's notice was not sufficient to comply
with the rule, Appellant's ability to prepare for the evidence was not hampered and he was not
surprised or harmed. We overrule Appellant's third issue.


Disposition


 Having overruled Appellant's three issues, the judgment of the trial court is affirmed.


 BRIAN HOYLE 

 Justice


Opinion delivered May 21, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



(DO NOT PUBLISH)